IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| EDGAR ROBERTS,<br><br>                Plaintiff,<br><br>    v.<br><br>YALE SECURITY, INC. D/B/A NORTON DOOR CONTROLS,<br><br>                Defendant. | Civil Action No. 1:18-CV-00025-MOC-WCM |

## JOINT PROTECTIVE ORDER

To adequately protect material entitled to be kept confidential, expedite the flow of discovery and facilitate the prompt resolution of disputes over confidentiality, it is HEREBY ORDERED that:

1. Documents or information produced or provided by the parties during the course of discovery in the above-styled matter may be designated as "Confidential Information" so long as the party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

2. For purposes of this Order, "Confidential Information" means (a) any personnel or personal information of current or former employees of Defendant, its parent, subsidiaries, or affiliated or related entities (hereinafter "Related Entities"), (b) any document or information designated as confidential in accordance with paragraph 6 of this Order, and (c) any aggregation of Confidential Information. The identification of an individual document or category of documents or information as Confidential Information under paragraphs 2(b) or 2(c) may be challenged pursuant to paragraph 10 of this Order.

3. For purposes of this Order, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

4. For purposes of this Order, "Producing Party" means a party that produces Confidential Information or other information in connection with this litigation.

5. For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

6. The Producing Party may designate as Confidential Information any information it believes to be confidential, including, without limitation, (i) non-public information about a past, present or potential employee of Defendant or its Related Entities, including personnel records, evaluations, investigations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, reports or complaints, responses to reports or complaints, or other information incorporating or aggregating information pertaining to individuals, and (ii) trade secrets or other non-public proprietary, confidential, strategic, financial, customer, or commercial information, data or research of Defendant or its Related Entities. To designate Confidential Information on Documents, the Producing Party shall place a legend or stamp upon the Document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it contains Confidential Information. To designate Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until twenty (20) days after receipt of the transcript.

7. The Recipient of Confidential Information shall use that information solely in connection with this litigation, and shall not disclose Confidential Information to any person except:

- a) Plaintiff, in accordance with the procedures set forth in paragraph 8 of this Order;

- b) The Court and its officers (including court reporters), consistent with the procedures set forth in paragraph 14 of this Order;

- c) Counsel of record in this action and employees of counsel in this action who have been engaged in the conduct of this litigation;

- d) Defendant's or its Related Entities' in-house counsel;

- e) Experts or litigation consultants engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Information except as permitted herein;

- f) Fact witnesses providing testimony by deposition or at any court proceeding in this case but only in accordance with the procedures set forth in paragraph 8 of this Order;

8. The Recipient of Confidential Information shall disclose such information to persons set forth in paragraphs 7(a) and 7(f) of this Order only under the conditions set forth below:

- a) Prior to disclosure of Confidential Information to persons described in paragraphs 7(a) and 7(f), the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual.

- b) Any person who receives Confidential Information pursuant to paragraphs 7(a) or 7(f) shall execute an Agreement in the form attached hereto (see attached "Declaration of Compliance"). Each original, executed Agreement shall be maintained in the files of the Recipient and shall be available for review by all counsel and parties upon reasonable notice.

- c) The Recipient who discloses Confidential Information pursuant to paragraphs 7(a) and 7(f) shall maintain a list specifically identifying the persons to whom the information was disclosed.

9.     In the event the Recipient disputes the Producing Party's designation of individual documents or a category of documents or information as Confidential Information, the Recipient shall notify the Producing Party in writing of such dispute. In an effort to settle such dispute without judicial intervention, the parties shall meet and confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed information. If resolution of the dispute cannot be reached, the Recipient may apply to the Court for an appropriate determination. In connection with such an application, the Producing Party shall bear the burden to show that the information is entitled to continued protection under the Federal Rules of Civil Procedure and applicable case law. During the pendency of such dispute or application, and until the court may rule otherwise, the information designated Confidential Information shall remain subject to the designations and restrictions of this Order.

10.     Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

11.     All information obtained by a Recipient in discovery in this litigation, regardless of whether it is Confidential Information, shall be used by the Recipient solely for the prosecution or defense of the claims in this litigation, and shall not be used by the Recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media or other purpose, except that nothing herein shall preclude Defendant (or an affiliated/related company) from pursuing legal or other business action in discovered instances of misconduct as to its own employees or ensuring that its employees are acting in accordance with the law. No Recipient or other person to whom Confidential Information is disclosed shall copy, transcribe, or otherwise

reproduce in written or any other form any part or portion of any Confidential Information except as necessary for purposes of the litigation.

12. In the event that either party determines in good faith that Confidential Information cannot be shared with the persons identified in paragraph 7(f), the Producing Party shall mark the Document as "Confidential – For Attorneys' Eyes Only." Subject to a designation dispute pursuant to paragraph 9, and an agreement or Court Order to change the designation, a Document marked as "Confidential – For Attorneys' Eyes Only" may not be shared under any circumstances with the individuals identified in paragraph 7(f).

13. Within fifteen business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information, all copies of such information, and any Documents incorporating such information. Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed. The provisions for returning or destroying the Confidential Information shall not apply to copies of electronically communicated Confidential Information made as a matter of routine information technology backup by Defendant and to Confidential Information or copies of it which must be stored by Defendant or its Advisors according to provisions of mandatory law. In addition, attorneys for the parties may retain a copy of documents received and produced in order to comply with record retention requirements of the State Bar.

14. Confidential Information shall not be filed in the public record of this litigation. Any Confidential Information that is filed with the Court, and any pleadings, motions, or other papers filed with the Court containing such information, shall be filed in a sealed envelope (or similar protective measure) accompanied by a request that the Court file and maintain the

information under seal. Where possible, only the portions of filings containing Confidential Information shall be filed with the Court under seal.

15. The restrictions set forth in this Order shall not apply to:

   a) Information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Order;

   b) Defendant or its Related Entities, with respect to its own information or information received or created during the normal course of its own business.

Whether information that becomes a matter of public record in any other manner may still be subject to protection as confidential shall be determined according to the standards and procedures set forth in paragraphs 2 through 10 of this Order. The owner of Confidential Information shall be able to seek protection of that information in accordance with paragraph 6 of this Order even if it did not produce that information in discovery.

16. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return all copies of Documents containing the privileged information and delete any versions of the Documents containing the privileged information on any database or computer filing system it maintains, consistent with paragraph 13, and make no use of the privileged information.

17. Nothing in this Order shall prohibit any party from objecting to the production or disclosure of Confidential Information solely on the grounds that such information is confidential

or sensitive, or on any other grounds. Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of Confidential Information.

18. In the event Plaintiff or his counsel obtain information of Defendant or its Related Entities from a third party that Defendant believes is confidential, Defendant may designate such information Confidential Information pursuant to this Order and it shall be treated as such in accordance with this Order.

19. If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

20. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

Signed: February 4, 2019

W. Carleton Metcalf
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| EDGAR ROBERTS,<br><br>           Plaintiff,<br><br>    v.<br><br>YALE SECURITY, INC. D/B/A NORTON DOOR CONTROLS,<br><br>           Defendant. | Civil Action No. 1:18-CV-00025-MOC-WCM |

### **DECLARATION OF COMPLIANCE**

The undersigned hereby acknowledges that he/she has read the Protective Order ("Order") in *Edgar Roberts v. Yale Security, Inc. d/b/a Norton Door Controls*, Civil Action No. 1:18-cv-00025 and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.

Executed this _____day of _____ 20___.

        Signature:

        _____

        Printed Name:

        _____